1  **WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Brady, ) | No. CV-09-1044-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| ) | |
| ) | |
| Universal Technical Institute of Arizona,) | |
| Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

We have before us defendant's motion to dismiss or alternatively motion to stay proceedings and compel arbitration (doc. 7), plaintiff's response (doc. 11), and defendant's reply (doc. 10). We also have before us plaintiff's motion for leave to file an out of time response to the motion to dismiss (doc. 13), defendant's response (doc. 17), and plaintiff's reply (doc. 18).

Plaintiff Rich Brady filed this action against his former employer Universal Technical Institute ("UTI"), contending that he was terminated from his employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Arizona Civil Rights Act, A.R.S. §§ 41-1461-67. He also claims that he was wrongfully terminated in retaliation for his refusal to engage in illegal activities.

1    UTI moves to dismiss the case, claiming that the litigation is precluded by an
2 arbitration agreement entered into by the parties at the time plaintiff was hired by UTI. The
3 arbitration agreement subjects to arbitration any dispute "in connection with [plaintiff]
4 leaving employment, either voluntarily or involuntarily," including any claim arising under
5 the ADEA, Title VII, or the Americans with Disabilities Act. <u>Motion</u> exhibit A. Plaintiff
6 challenges the enforceability of the arbitration agreement, contending that it is
7 unconscionable under Arizona law.
8    As an initial matter, we consider plaintiff's motion to file an out of time response to
9 the motion to dismiss (doc. 13). It is undisputed that plaintiff failed to timely respond to
10 defendant's motion, having filed his response nine days late. Plaintiff's counsel asks that his
11 failure to timely respond be excused because he incorrectly calculated the response deadline.
12 Defendant urges us to decide the motion to dismiss on the basis of LRCiv 7.2(i), which
13 provides that the lack of a timely response may be deemed a consent to the granting of the
14 motion and the court may dispose of the motion summarily. But defendant alleges no
15 prejudice arising from the late filing and we are bound by the policy favoring disposition of
16 cases on their merits. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995). Thus, we will
17 evaluate the merits of defendant's motion to dismiss.
18    Under the Federal Arbitration Act, arbitration agreements "shall be valid, irrevocable,
19 and enforceable, save upon such grounds as exist at law or in equity for the revocation of any
20 contract." 9 U.S.C. § 2. A party should be held to an agreement to arbitrate statutory rights
21 "unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for
22 the statutory rights at issue." <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473
23 U.S. 614, 628, 105 S. Ct. 3346, 3354-55 (1985). It is well established that the ADEA does
24 not prohibit the arbitration of claims brought under the statute. <u>Gilmer v. Interstate/Johnson
25 Lane Corp.</u>, 500 U.S. 20, 26-27, 111 S. Ct. 1647, 1652-53 (1991) (stating that "nothing in
26 the text of the ADEA or its legislative history explicitly precludes arbitration").
27    Plaintiff contends that the arbitration agreement in an unconscionable contract of
28 adhesion and is therefore unenforceable. In assessing whether an arbitration agreement is

enforceable we will "apply ordinary state-law principles that govern the formation of contracts." Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002).

Under Arizona law, an adhesion contract "is typically a standardized form 'offered to consumers of goods and services on essentially a 'take it or leave it' basis without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or services except by acquiescing in the form contract." Broemmer v. Abortion Servs. of Phoenix, Ltd., 173 Ariz. 148, 150, 840 P.2d 1013, 1015 (1992) (citation omitted). A contract of adhesion is fully enforceable, however, unless the contract is also unduly oppressive or unconscionable. Id. at 151, 840 P.2d at 1016.

The doctrine of unconscionability includes both procedural and substantive unconscionability. Procedural unconscionability is concerned with "unfair surprise, fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should." Maxwell v. Fidelity Fin. Servs., Inc., 184 Ariz. 82, 88-89, 907 P.2d 51, 57-58 (1995) (citation omitted). Here, there is no allegation of concealment or surprise. The arbitration language is clear and conspicuous. The waiver of judicial remedies stands out in uppercase text. Therefore, although the arbitration agreement may be a contract of adhesion in that it was presented in a "take it or leave it" context, it is not procedurally unconscionable.

Substantive unconscionability, on the other hand, "concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." Id. at 89, 907 P.2d at 58. Factors showing substantive unconscionability include "contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." Id.

Plaintiff raises two claims of substantive unconscionability. He argues that the arbitration agreement is unfairly one-sided in that it compels arbitration of employee claims but exempts from arbitration claims that an employer is likely to bring. We disagree that, even if true, this renders the agreement unconscionable. The arbitration agreement terms are not so one-sided as to "oppress or unfairly surprise an innocent party" or impose an "overall

imbalance in the obligations and rights" of the parties. Harrington v. Pulte Home Corp., 211 Ariz. 241, 252, 119 P.3d 1044, 1055 (Ct. App. 2005). The parties are equally bound by the terms of the arbitration agreement. UTI has no greater right to avoid arbitration of employment claims than plaintiff. Moreover, both parties can assert non-employment claims against the other in a judicial setting. The agreement does not impose an overall imbalance in the obligations and rights of the parties.

Plaintiff also argues that the agreement is substantively unconscionable because it provides that the expenses of arbitration will be borne equally by the parties. He claims that this provision "in and of itself, renders an arbitration agreement unenforceable." Response at 11. We disagree. Arizona courts have adopted a case-by-case approach in considering whether fees imposed by an arbitration agreement effectively deny a potential litigant the opportunity to vindicate his rights. Harrington, 211 Ariz. at 252-53, 119 P.3d at 1055-56. An arbitration agreement is enforceable unless plaintiff presents "individualized evidence to establish that the costs of arbitration are prohibitive." Id. (citing Green Tea Fin. Corp. v. Randolph, 531 U.S. 79, 91-92, 121 S. Ct. 513, 522 (2000)).

Plaintiff asserts, without affidavit, that he only recently obtained employment, although he concedes that his wife has been consistently employed. He offers no other argument or evidence supporting his claim that the fees provision of the agreement effectively denies him the opportunity to vindicate his rights. This is insufficient to establish that the agreement is unconscionable. We conclude that the arbitration agreement is valid and enforceable.

Therefore, **IT IS ORDERED GRANTING** plaintiff's motion to file response out of time (doc. 13). **IT IS FURTHER ORDERED GRANTING** defendant's motion to dismiss

1  (doc. 7). The parties shall submit this matter to arbitration pursuant to the terms of the
2  arbitration agreement. The clerk shall enter final judgment.
3     DATED this 17th day of December, 2009.

```
                    _____
                         Frederick J. Martone
                        United States District Judge
```