**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Brady, | No. CV-09-1044-PHX-FJM |
| Plaintiff, | **ORDER** |
| Universal Technical Institute of Arizona, Inc., | |
| Defendant. | |

Plaintiff filed this action against his former employer asserting that he was terminated from his employment in violation of the Age Discrimination in Employment Act ("ADEA") and the Arizona Civil Rights Act ("ACRA"). We dismissed plaintiff's claims, concluding that they were precluded by the parties' arbitration agreement (doc. 20).

We now have before us defendant's motions for an award of attorney's fees pursuant to A.R.S. §§ 12-341.01 and 12-349 (docs. 23 and 24), plaintiff's response (doc. 26), and defendant's reply (doc. 29).

An award of attorney's fees is available under A.R.S. § 12-341.01(a) only in an action "arising out of contract, express or implied." A matter arises out of contract "if it could not exist but for the contract." Kennedy v. Linda Brock Auto. Plaza, Inc., 175 Ariz. 323, 325,

856 P.2d 1201, 1203 (Ct. App. 1993). The contract must be the essential basis of the action. <u>Id.</u> If a cause of action is purely statutory, section 12-341.01 does not apply. <u>Id.</u>

We first reject defendant's argument that this action arose out of the parties' arbitration agreement. On the contrary, this action arose out of statutory rights created by the ADEA and the ACRA. The arbitration agreement had no relevance to the merits of plaintiff's underlying claims.

We also reject defendant's argument, raised for the first time in its reply, that all employment relationships are contractual in nature and therefore plaintiff's discrimination claims could not exist but for the implied employment contract. Not only will we not consider an argument raised for the first time in a reply brief, but we will not adopt a rule that would convert every employment discrimination claim into a claim arising out of contract subject to attorney's fees. This is clearly beyond the scope of A.R.S. § 12-341.01(a).

Finally, we decline to award fees under A.R.S. §§ 12-341.01(c) or 12-349. We cannot say that plaintiff's claims were without substantial justification or brought solely for the purpose of delay or harassment such that an award of attorney's fees is justified. As is evidenced by defendant's claim for attorney's fees under A.R.S. § 12-341.01(a), lawyers and parties too often assert claims of questionable merit. Only in extreme cases do they justify fees.

**IT IS ORDERED DENYING** defendant's motions for attorney's fees (docs. 23 and 24).

DATED this 29th day of April, 2010.

_____
Frederick J. Martone
United States District Judge